Suzanne Bostrom (AK Bar No. 1011068)
Brook Brisson (AK Bar No. 0905013)
Valerie Brown (AK Bar No. 9712099)
TRUSTEES FOR ALASKA
1026 W. Fourth Avenue, Suite 201
Anchorage, AK 99501
Phone: (907) 276-4244
Fax: (907) 276-7110
sbostrom@trustees.org
bbrisson@trustees.org
vbrown@trustees.org

Attorneys for Plaintiffs

# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NORTHERN ALASKA ENVIRONMENTAL CENTER, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, *et al.*,<br><br>Defendants. | Case No. 3:19-cv-00055-SLG |

**JOINT MOTION TO STAY PROCEEDINGS**

The parties in the above-captioned litigation respectfully submit this joint motion for a stay of proceedings until the Ninth Circuit Court of Appeals decides the appeal in the related case, *Northern Alaska Environmental Center et al. v. U.S. Department of the*

*Interior*, Case No. 19-35008 ("*NAEC I*"). The present case concerns leasing in the National Petroluem Reserve–Alaska ("Reserve"), specifically challenging BLM's 2018 lease sale. *NAEC I* is a challenge to BLM's 2017 lease sale in the Reserve. Both cases involve similar questions about BLM's compliance with the National Environmental Policy Act and Naval Petroleum Reserves Production Act, and any decision in *NAEC I* could potentially have implications for the present case. The parties thus ask that the Court stay all deadlines in the present case, including those for filing the answer, lodging the administrative record, and summary judgment briefing as set out in Local Civil Rule 16.3.[1]

This court has broad authority to stay proceedings. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *Leyva v. Certified Grocers of Cal.*, 593 F.2d 857, 863–64 (9th Cir. 1979); *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). Three factors guide this Court's determination of whether a stay should be granted: (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating

---

[1] The parties understand that ConocoPhillips Alaska, Inc. ("Prospective Intervenor") will be filing an unopposed motion to intervene this week. This motion to stay is not intended to interfere with the court's adjudication of the propriety of Prospective Intervenor's forthcoming motion to intervene.

*N. Alaska Envtl. Ctr., et al. v. U.S. Dep't of the Interior, et al.*
Case No. 3:19-cv-00055-SLG　　　　　　　　　　　　　　　　　　　　　　　Page 2 of 5

Case 3:19-cv-00055-SLG　Document 11　Filed 04/01/19　Page 2 of 5

issues, proof, and questions of law which could be expected to result from a stay." *CMAX*, 300 F.2d at 268. All three factors weigh in favor of granting the requested stay.

Any damage that would result from granting this limited stay would be minimal. A stay would avoid immediate expenditure by the parties of substantial resources needed to complete the filing and briefing schedule. The parties would be able to determine whether briefing is still necessary after the Ninth Circuit makes its decision.

In contrast, the parties may suffer hardship or inequity if they have to move forward with briefing this case while a resolution of the Ninth Circuit appeal is pending. The parties, which include federal governmental agencies and nonprofit organizations, would have to devote substantial resources to briefing this case, which is substantially similar to the case currently pending before the Ninth Circuit in *NAEC I*. It would make little sense to divert scarce resources to litigating this case when the Ninth Circuit's decision is likely to have a direct bearing on what happens in the present case. As discussed above, the legal issues in the present case and *NAEC I* are substantially the same, except that the current case involves the 2018 lease sale in the Reserve and *NAEC I* involves the 2017 lease sale in the Reserve. Once the Ninth Circuit decides *NAEC I*, the parties will be able to evaluate whether continued litigation is necessary. Staying this case pending resolution of *NAEC I* will, therefore, further the orderly course of justice.

In order to conserve the resources of the parties and the Court, the parties ask that the Court stay proceedings in this case until the Ninth Circuit makes its decision in *NAEC*

*N. Alaska Envtl. Ctr., et al. v. U.S. Dep't of the Interior, et al.*
Case No. 3:19-cv-00055-SLG                                              Page 3 of 5

Case 3:19-cv-00055-SLG   Document 11   Filed 04/01/19   Page 3 of 5

*I*. Should the Court grant the parties' motion, the parties would provide a joint status report thirty days after the Ninth Circuit issues its decision in *NAEC I* proposing either an extension of the stay; a new schedule for filing of the answer, lodging the administration record, and any briefing; or some other resolution of the present case. If the parties are unable to agree on language in the joint status report, they will submit separate statements in the same report.

Respectfully submitted April 1, 2019,

s/Suzanne Bostrom
Suzanne Bostrom (AK Bar No. 1011068)
Brook Brisson (AK Bar No. 0905013)
Valerie Brown (AK Bar No. 9712099)
TRUSTEES FOR ALASKA
*Attorneys for Plaintiffs*


JEAN E. WILLIAMS
Deputy Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice

s/Michelle-Ann C. Williams (by Suzanne Bostrom)
Michelle-Ann C. Williams (MD Bar)
U.S. Department of Justice
Environmental and Natural Resources Division
Natural Resources Section
P.O. Bay 7611
Washington, D.C. 20044
(202) 305-0420 (phone)
(202) 305-0506 (fax)

*Attorneys for Federal Defendants*

N. Alaska Envtl. Ctr., et al. v. U.S. Dep't of the Interior, et al.
Case No. 3:19-cv-00055-SLG    Page 4 of 5

Case 3:19-cv-00055-SLG   Document 11   Filed 04/01/19   Page 4 of 5

# CERTIFICATE OF SERVICE

I certify that on April 1, 2019, I caused a copy of the JOINT MOTION TO STAY PROCEEDINGS to be electronically filed with the Clerk of the Court for the U.S. District Court of Alaska using the CM/ECF system.

                                                 s/Suzanne Bostrom
                                                 Suzanne Bostrom

*N. Alaska Envtl. Ctr., et al. v. U.S. Dep't of the Interior, et al.*
Case No. 3:19-cv-00055-SLG    Page 5 of 5

Case 3:19-cv-00055-SLG   Document 11   Filed 04/01/19   Page 5 of 5